UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

FISERV SOLUTIONS, INC,

        Plaintiff,

        v.                                Case No.  11-C-0603

WESTCHESTER FIRE INSURANCE COMPANY;
ENDURANCE AMERICAN SPECIALTY INSURANCE
COMPANY;
XL SPECIALTY INSURANCE COMPANY;
NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA;
CONTINENTAL CASUALTY COMPANY;
ACE AMERICAN INSURANCE COMPANY,

        Defendants.

ORDER DENYING MOTION TO STAY AND BIFURCATE (DOC. 40)

Fiserv Solutions, Inc. filed claims for declaratory judgment, breach of contract, and breach of the implied duty of good faith and fair dealing against Westchester Fire Insurance Company, as well as claims for declaratory judgment and breach of contract against other insurers.  Westchester moves to bifurcate and stay discovery on the bad faith claim arguing that permitting Fiserv to litigate its coverage and bad faith claims simultaneously will prejudice Westchester unfairly.  The motion will be denied.

Westchester offers three reasons for splitting discovery on the coverage claims from discovery on the bad faith claim.  First, it contends that Fiserv will be entitled to discover Westchester's work product and attorney-client communications as part of the bad faith claim discovery, but that such documents would not be discoverable concerning the coverage issue alone.  Second, says Westchester, providing Fiserv with internal documents regarding consideration of the claim will affect settlement negotiations

adversely and delay resolution of the case. Third, says Westchester, presenting the coverage and bad faith claims in one trial risks jury confusion and will prejudice it's ability to contest coverage. As primary support for these arguments, Westchester cites two Wisconsin cases.

Pursuant to Fed. R. Civ. P. 26(d)(2), this court may sequence discovery in phases "for the parties' and witnesses' convenience and in the interests of justice." Under Fed. R. Civ. P. 42(b), the court may conduct separate trials of separate claims. Together, these rules confirm that the court has the discretion to bifurcate and stay certain issues for a later phase of discovery or trial. *See McLaughlin v. State Farm Mut. Auto. Ins. Co.*, 30 F.3d 861, 870 (7th Cir. 1994).

The court is not persuaded by Westchester's arguments or the cases it has proffered. Federal procedural law applies to the issues of bifurcation and stay. *See Klonowski v. Int'l Armament Corp.*, 17 F.3d 992, 995 (7th Cir. 1994) ("As a federal court sitting in diversity, we apply Wisconsin state law to resolve the substantive questions concerning the accident and federal law on any procedural and evidentiary issues."). The court acknowledges that the Wisconsin Court of Appeals in *Dahmen v. American Family Mutual Insurance Co.*, 2001 WI App 198, 247 Wis. 2d 541, 635 N.W.2d 1, found appropriate the bifurcation of a bad faith claim from a coverage claim and a stay of discovery on the bad faith claim. Recently, the Supreme Court of Wisconsin approved of such a bifurcation and stay in *Brethorst v. Allstate Property & Casualty Insurance Co.*, 2011 WI 41, 334 Wis. 2d 23, 798 N.W.2d 467. But neither case is controlling in this federal case. Moreover, this court disagrees with portions of the reasoning of both cases. Instead, this court is aligned with District Judge Adelman and Magistrate Judge Crocker in *Ingram*

*v. State Farm Mutual Automobile Insurance Co.*, No. 10C1108, 2011 WL 1988442 (E.D. Wis. May 19, 2011), and *Eide v. Life Insurance Co. of North America*, No. 09-cv-671-slc, 2010 WL 1608658 (W.D. Wis. Apr. 19, 2010), respectively.

First, although the bad faith claim may entail discovery into Westchester's internal files, there is no certainty that all of Westchester's internal documents subject to attorney-client privilege or work product protection will suddenly be discoverable. Westchester can assert its privilege and protection as needed on a document-by-document basis using a privilege log. Blanket protection against discovery into the internal files is not warranted. In addition, it is possible that prejudice will be minimal based on overlap of evidence. Magistrate Judge Crocker concluded in *Eide* that "[m]uch of the information in defendant's claim file likely will be discoverable in connection with the coverage question in the first instance, so defendant's objection to having to produce privileged information seems more conjectural than actual." 2010 WL 1608658 at *2. The Wisconsin Court of Appeals thought the contrary in *Dahmen*: "The evidence necessary to support a claim of bad faith is very different from that necessary to support a claim for UIM benefits." 2001 WI App 198, ¶ 12. Yet, that court acknowledged, confusingly, that "[e]ven though the evidence relevant to the bad faith claim is wholly unrelated to the underlying claim for UIM benefits, the evidence on the two issues [at trial] will likely overlap." *Id.,* ¶ 17.

Here, Fiserv contends that witnesses subject to deposition in one phase of the case may have to be redeposed for the second phase of the case. Westchester argues that Fiserv has not shown sufficiently what evidence would be duplicative and speaks in generalities. But Westchester is the movant seeking a deviation from the usual procedural practice and has failed to demonstrate that discovery would *not* be duplicative. Without

3

knowing what discovery is out there, this court cannot determine whether or how much evidence will be relevant to the coverage and bad faith issues. At the least, the potential for duplication exists, and the court is unpersuaded by Westchester that a change from usual discovery practices is warranted.

Second, this court is unconvinced that settlement discussions and the timing of the case will be adversely affected by simultaneous discovery. Instead, the opposite appears true. Bifurcating the claims could dissuade Fiserv from settling the entire case during the first phase. (Why would it give up a bad faith claim that it cannot value satisfactorily because it has not conducted discovery on that matter?) Indeed, if Westchester were to win a summary judgment motion on the bad faith claim but not on the coverage claim, settlement may be encouraged. At the least, the effects are speculative and not something on which to base the unusual step of a bifurcation and stay.

In addition, a bifurcation and stay of discovery on the bad faith claim could prolong this case for the other defendants unnecessarily and potentially increase costs. Even if bifurcation of *trial* would be appropriate, the court would prefer to do what Magistrate Judge Crocker suggested—conduct immediate back-to-back trials rather than trials months apart. Thus, discovery should proceed simultaneously. Otherwise, defendants other than Westchester could wait a substantial amount of time between the close of their discovery and trial. As Magistrate Judge Crocker wrote in *Beigl v. Transamerica Life Insurance Co.*, No. 09-cv-669-slc, 2010 WL 2196970, at *3 (W.D. Wis. May 28, 2010), "any prejudice to defendant from having to disclose internal documents from its claim file is outweighed by the time and money saved by allowing discovery on all issues to proceed simultaneously."

4

Importantly, bifurcation of discovery here could result in needless discovery disputes regarding what information is discoverable at various stages. Disputes as to whether Fiserv's requests exceed the scope of a particular coverage phase would simply delay this case unnecessarily and divert the court's time from other matters—large costs for little benefit. Although he granted a bifurcation and stay in his case, District Judge Griesbach noted the possibility of further court involvement and a potential need for additional discovery to respond to a summary judgment motion. *See Winter v. Liberty Mut. Fire Ins. Co.*, No. 06-C-800, 2006 WL 2711804, at *2 (E.D. Wis. Sept. 21, 2006) ("If a showing is made that further discovery is needed, the court can reconsider its order."). To this court, such a possibility does not recommend bifurcation and stay of the bad faith claim.

Third, the court is unpersuaded at this time that a jury would be unable to separate the claims at trial. Whether this case will make it to trial with both claims still pending is unknown. And even if the case goes to trial, any jury confusion is speculative at this time and can be addressed later.

Lastly, the court acknowledges that Judges Griesbach and Randa of this district have bifurcated and stayed bad faith claims from coverage claims. However, the situations in their cases are distinguishable. In *Winter* the insurer was ready to file a motion for summary judgment on coverage within two weeks of the court's decision, as the insurer believed the matter could be decided as a matter of law based upon unambiguous policy provisions. Thus, the case was progressing quickly as to that claim. Here, no summary judgment motion has been filed or appears imminent regarding coverage. In *Poznanski v. Pennsylvania Life Insurance Co.*, No. 11-C-260, 2011 WL 2634406 (E.D. Wis. July 5, 2011), the plaintiff agreed that bifurcation was correct under *Dahmen* and only opposed

5

the stay of discovery. Also, to the extent that *Poznanski* otherwise conflicts with the decision on the present motion, district judges may disagree, in accord with the discretion permitted by Rules 26(d)(2) and 42(b). Consequently, this court concludes that discovery in this case will proceed on all issues. Therefore,

IT IS ORDERED that Westchester's motion to bifurcate and stay discovery on the bad faith claim (Doc. 40) is denied.

Dated at Milwaukee, Wisconsin, this 11th day of June, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE

6